32130.   BROWN *v.* WESTERN RAILWAY OF ALABAMA.

Decided October 2, 1948.   Rehearing denied October 22, 1948.

T. J. Lewis, Richard M. Maxwell, for plaintiff.

Heyman, Howell & Heyman, Morris B. Abram, Steiner, Crum & Weil, for defendant.

SUTTON, C. J. (After stating the foregoing facts.) This is an action in which recovery is sought for injuries sustained by an employee of a railroad company engaged in interstate commerce while such employee was engaged in the performance of his duties, and is controlled by the provisions of the Federal Employers' Liability Act, 45 U. S. C. A. § 51 et seq. Although brought in a State court, all matters of substance are controlled by Federal law. Seaboard Air Line Railway v. Horton, 233 U. S. 492 (3) (34 Sup. Ct. 635, 58 L. ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475); Central of Ga. Ry. Co. v. Goens, 30 Ga. App. 770, 773 (119 S. E. 669); Southern Ry. Co. v. Bradshaw, 73 Ga. App. 438, 440 (37 S. E. 2d, 150). "The act does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur. And that negligence must be 'in whole or in part' the cause of the injury." Ellis v. Union Pacific R. Co., 329 U. S. 649 (67 Sup. Ct. 598, 91 L. ed. 572); Brady v. Southern Ry. Co., 320 U. S. 476, 484 (64 Sup. Ct. 232, 88 L. ed. 239); 45 U. S. C. A. § 51. Where the act or acts, or the failure to act, which resulted in the injury are the acts or omissions of the employee who is

injured, and those acts or the failure to act constitute the negligence which brought about the injury, and there is no negligence on the part of the employer which caused or contributed to the injury, such employer is not liable therefor.   McGivern *v.* Northern Pacific Ry. Co., 132 Fed. 2d, 213 (11).   Also see Frese *v.* Chicago, B. & Q. Ry. Co., 263 U. S. 1 (44 Sup. Ct. 1, 68 L. ed. 131); Atchison, T. & S. F. R. Co. *v.* Toops, 281 U. S. 351 (50 Sup. Ct. 281, 74 L. ed. 896); *Powell* v. *Waters, 55 Ga. App.* 307 (190 S. E. 615); *Tankersley* v. *Southern Ry. Co.,* 73 *Ga. App.* 88, 91 (35 S. E. 2d, 522); *Atlantic Coast Line R. Co.* v. *Anderson,* 73 *Ga. App.* 343, 349 (36 S. E. 2d, 435). Hence, it is of primary consideration whether the petition shows negligence on the part of the employer which is in whole or in part the cause of the injury, and in determining the sufficiency of the allegations of the petitioner in this respect on general demurrer to the petition, which admits only facts well pleaded, and not the conclusions of the pleader, the allegations will be construed most strongly against the pleader.   Stripped of its details, the petition shows that the plaintiff was injured while in the performance of his duties when he stepped on a large clinker lying alongside the track in the railroad yards.   In the absence of allegations to the contrary, the inference arises that the plaintiff's vision was unobscured and that he could have seen and avoided the clinker.   Although the presence of other debris in the yards is shown in the petition, it is not shown that this debris was in any way responsible for the accident.   The mere presence of a large clinker in a railroad yard can not be said to constitute an act of negligence.   Furthermore, it is not shown how or for what length of time the clinker was in the yard, or wherein it rendered the yard unsafe for employees accustomed to work there. In so far as the allegations of the petition show, the sole cause of the accident was the act of the plaintiff in stepping on this large clinker, which he was able to see and could have avoided.   It was he who, without any outside intervention, failed to look, stepped on the clinker, and fell. Under such circumstances, there is no question of negligence on the part of the defendant to present to a jury, and the trial court did not err in sustaining the general demurrer and in dismissing the action.

Careful consideration has been given to the briefs of counsel for

784

the plaintiff in error, and the authorities there cited do not authorize or require a different ruling from the one herein made. The cases dealing with the abolition of the doctrine of assumption of risk in actions arising under the Federal Employers' Liability Act, and the effect of·contributory negligence under the act, are necessarily predicated upon a showing of negligence on the part of the employer, and are inapplicable to the case at bar.

Judgment affirmed. *Felton and Parker, JJ., concur.*