# BROWN *v.* WESTERN RAILWAY OF ALABAMA.

No. 43. Argued October 19, 1949.—Decided November 21, 1949.

*Richard M. Maxwell* argued the cause for petitioner. With him on the brief was *Thomas J. Lewis.*

*Herman Heyman* argued the cause for respondent. With him on the brief were *Arthur Heyman* and *Hugh Howell, Sr.*

MR. JUSTICE BLACK delivered the opinion of the Court.

Petitioner brought this action in a Georgia state court claiming damages from the respondent railroad under the Federal Employers' Liability Act. 45 U. S. C. § 51 *et seq.*

Respondent filed a general demurrer to the complaint on the ground that it failed to "set forth a cause of action and is otherwise insufficient in law." The trial court sustained the demurrer and dismissed the cause of action. The Court of Appeals affirmed, 77 Ga. App. 780, 49 S. E. 2d 833, and the Supreme Court of Georgia denied certiorari. It is agreed that under Georgia law the dismissal is a final adjudication barring recovery in any future state proceeding. The petition for certiorari here presented the question of whether the complaint did set forth a cause of action sufficient to survive a general demurrer resulting in final dismissal. Certiorari was granted because the implications of the dismissal were considered important to a correct and uniform application of the federal act in the state and federal courts. See *Brady* v. *Southern R. Co.*, 320 U. S. 476.

*First.* The Georgia Court of Appeals held that "Stripped of its details, the petition shows that the plaintiff was injured while in the performance of his duties when he stepped on a large clinker lying alongside the track in the railroad yards. . . . The mere presence of a large clinker in a railroad yard can not be said to constitute an act of negligence. . . . In so far as the allegations of the petition show, the sole cause of the accident was the act of the plaintiff in stepping on this large clinker, which he was able to see and could have avoided." 77 Ga. App. 783, 49 S. E. 2d 835. The court reached the foregoing conclusions by following a Georgia rule of practice to construe pleading allegations "most strongly against the pleader." Following this local rule of construction the court said that "In the absence of allegations to the contrary, the inference arises that the plaintiff's vision was unobscured and that he could have seen and avoided the clinker." 77 Ga. App. 783, 49 S. E. 2d 835. Under the same local rule the court found no precise allegation that the particular clinker on which petitioner

stumbled was beside the tracks due to respondent's negligence.

It is contended that this construction of the complaint is binding on us. The argument is that while state courts are without power to detract from "substantive rights" granted by Congress in FELA cases, they are free to follow their own rules of "practice" and "procedure." To what extent rules of practice and procedure may themselves dig into "substantive rights" is a troublesome question at best as is shown in the very case on which respondent relies. *Central Vermont R. Co.* v. *White,* 238 U. S. 507. Other cases in this Court [1] point up the impossibility of laying down a precise rule to distinguish "substance" from "procedure." Fortunately, we need not attempt to do so. A long series of cases previously decided, from which we see no reason to depart, makes it our duty to construe the allegations of this complaint ourselves in order to determine whether petitioner has been denied a right of trial granted him by Congress. This federal right cannot be defeated by the forms of local practice. See *American Ry. Exp. Co.* v. *Levee,* 263 U. S. 19, 21. And we cannot accept as final a state court's interpretation of allegations in a complaint asserting it. *First National Bank* v. *Anderson,* 269 U. S. 341, 346; *Davis* v. *Wechsler,* 263 U. S. 22, 24; *Covington Turnpike Co.* v. *Sandford,* 164 U. S. 578, 595–596. This rule applies to FELA cases no less than to other types. *Reynolds* v. *Atlantic C. L. R. Co.,* 336 U. S. 207; *Anderson* v. *A., T. &*

---

[1] *Angel* v. *Bullington,* 330 U. S. 183; *Guaranty Trust Co.* v. *York,* 326 U. S. 99; *Garrett* v. *Moore-McCormack Co.,* 317 U. S. 239; *St. Louis, S. F. & T. R. Co.* v. *Seale,* 229 U. S. 156, 157; and see same case 148 S. W. 1099; *Toledo, St. L. & W. R. Co.* v. *Slavin,* 236 U. S. 454, 457–458; and see same case 88 Ohio St. 536, 106 N. E. 1077. Compare *Brinkmeier* v. *Missouri P. R. Co.,* 224 U. S. 268, with *Seaboard Air Line R. Co.* v. *Renn,* 241 U. S. 290.

*S. F. R. Co.,* 333 U. S. 821; cf. *Lillie* v. *Thompson,* 332 U. S. 459.

*Second.* We hold that the allegations of the complaint do set forth a cause of action which should not have been dismissed. It charged that respondent had allowed "clinkers" and other debris "to collect in said yards along the side of the tracks"; that such debris made the "yards unsafe"; that respondent thus failed to supply him a reasonably safe place to work, but directed him to work in said yards "under the conditions above described"; that it was necessary for petitioner "to cross over all such material and debris"; that in performing his duties he "ran around" an engine and "stepped on a large clinker lying beside the tracks as aforesaid which caused petitioner to fall and be injured"; that petitioner's injuries were "directly and proximately caused in whole or in part by the negligence of the defendant . . . (a) In failing to furnish plaintiff with a reasonably safe place in which to work as herein alleged. (b) In leaving clinkers . . . and other debris along the side of track in its yards as aforesaid, well knowing that said yards in such condition were dangerous for use by brakemen, working therein and that petitioner would have to perform his duties with said yards in such condition."

Other allegations need not be set out since the foregoing if proven would show an injury of the precise kind for which Congress has provided a recovery. These allegations, fairly construed, are much more than a charge that petitioner "stepped on a large clinker lying alongside the track in the railroad yards." They also charge that the railroad permitted clinkers and other debris to be left along the tracks, "well knowing" that this was dangerous to workers; that petitioner was compelled to "cross over" the clinkers and debris; that in doing so he fell and was injured; and that all of this was in violation of the rail-

road's duty to furnish petitioner a reasonably safe place to work. Certainly these allegations are sufficient to permit introduction of evidence from which a jury might infer that petitioner's injuries were due to the railroad's negligence in failing to supply a reasonably safe place to work. *Bailey* v. *Central Vermont R. Co.,* 319 U. S. 350, 353. And we have already refused to set aside a judgment coming from the Georgia courts where the jury was permitted to infer negligence from the presence of clinkers along the tracks in the railroad yard. *Southern R. Co.* v. *Puckett,* 244 U. S. 571, 574, affirming 16 Ga. App. 551, 554, 85 S. E. 809, 811.

Here the Georgia court has decided as a matter of law that no inference of railroad negligence could be drawn from the facts alleged in this case. Rather the court itself has drawn from the pleadings the reverse inference that the sole proximate cause of petitioner's injury was his own negligence. Throughout its opinion the appellate court clearly reveals a preoccupation with what it deemed to be petitioner's failure to take proper precautions.[2] But as that court necessarily admits, contributory negligence does not preclude recovery under the FELA.

Strict local rules of pleading cannot be used to impose unnecessary burdens upon rights of recovery authorized by federal laws. "Whatever springes the State may set for those who are endeavoring to assert rights that the

---

[2] That court among other things said: "In the absence of allegations to the contrary, the inference arises that the plaintiff's vision was unobscured and that he could have seen and avoided the clinker. . . . In so far as the allegations of the petition show, the sole cause of the accident was the act of the plaintiff in stepping on this large clinker, which he was able to see and could have avoided. It was he who, without any outside intervention, failed to look, stepped on the clinker, and fell." 77 Ga. App. 783, 49 S. E. 2d 835.

State confers, the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice." *Davis* v. *Wechsler, supra,* at 24. Cf. *Maty* v. *Grasselli Chemical Co.,* 303 U. S. 197. Should this Court fail to protect federally created rights from dismissal because of over-exacting local requirements for meticulous pleadings, desirable uniformity in adjudication of federally created rights could not be achieved. See *Brady* v. *Southern R. Co.,* 320 U. S. 476, 479.

Upon trial of this case the evidence offered may or may not support inferences of negligence. We simply hold that under the facts alleged it was error to dismiss the complaint and that petitioner should be allowed to try his case. *Covington Turnpike Co.* v. *Sandford, supra,* at 596; *Anderson* v. *A., T. & S. F. R. Co.,* 333 U. S. 821.

The cause is reversed and remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.

MR. JUSTICE FRANKFURTER, whom MR. JUSTICE JACKSON joins, dissenting.

Insignificant as this case appears on the surface, its disposition depends on the adjustment made between two judicial systems charged with the enforcement of a law binding on both. This, it bears recalling, is an important factor in the working of our federalism without needless friction.

Have the Georgia courts disrespected the law of the land in the judgment under review? Since Congress empowers State courts to entertain suits under the Federal Employers' Liability Act, a State cannot wilfully shut its courts to such cases. *Second Employers' Liability*

*Cases,* 223 U. S. 1. But the courts so empowered are creatures of the States, with such structures and functions as the States are free to devise and define. Congress has not imposed jurisdiction on State courts for claims under the Act "as against an otherwise valid excuse." *Douglas* v. *New York, New Haven & H. R. Co.,* 279 U. S. 377, 388. Again, if a State has dispensed with the jury in civil suits or has modified the common-law requirements for trial by jury, a plaintiff must take the jury system as he finds it if he chooses to bring his suit under the Federal Employers' Liability Act in a court of that State. *Minneapolis & St. L. R. Co.* v. *Bombolis,* 241 U. S. 211. After all, the Federal courts are always available.

So also, States have varying systems of pleading and practice. One State may cherish formalities more than another, one State may be more responsive than another to procedural reforms. If a litigant chooses to enforce a Federal right in a State court, he cannot be heard to object if he is treated exactly as are plaintiffs who press like claims arising under State law with regard to the form in which the claim must be stated—the particularity, for instance, with which a cause of action must be described. Federal law, though invoked in a State court, delimits the Federal claim—defines what gives a right to recovery and what goes to prove it. But the form in which the claim must be stated need not be different from what the State exacts in the enforcement of like obligations created by it, so long as such a requirement does not add to, or diminish, the right as defined by Federal law, nor burden the realization of this right in the actualities of litigation.

Of course "this Court is not concluded" by the view of a State court regarding the sufficiency of allegations of a Federal right of action or defense. This merely means that a State court cannot defeat the substance of a Federal

claim by denial of it. Nor can a State do so under the guise of professing merely to prescribe how the claim should be formulated. *American R. Express Co.* v. *Levee,* 263 U. S. 19, 21.

The crucial question for this Court is whether the Georgia courts have merely enforced a local requirement of pleading, however finicky, applicable to all such litigation in Georgia without qualifying the basis of recovery under the Federal Employers' Liability Act or weighting the scales against the plaintiff. Compare *Norfolk Southern R. Co.* v. *Ferebee,* 238 U. S. 269, with *Central Vermont R. Co.* v. *White,* 238 U. S. 507. Georgia may adhere to its requirements of pleading, but it may not put "unreasonable obstacles in the way" of a plaintiff who seeks its courts to obtain what the Federal Act gives him. *Davis* v. *Wechsler,* 263 U. S. 22, 25.

These decisive differences are usually conveyed by the terms "procedure" and "substance." The terms are not meaningless even though they do not have fixed undeviating meanings. They derive content from the functions they serve here in precisely the same way in which we have applied them in reverse situations—when confronted with the problem whether the Federal courts respected the substance of State-created rights, as required by the rule in *Erie R. Co.* v. *Tompkins,* 304 U. S. 64, or impaired them by professing merely to enforce them by the mode in which the Federal courts do business. Review on this aspect of State court judgments in Federal Employers' Liability cases presents essentially the same kind of problem as that with which this Court dealt in *Guaranty Trust Co.* v. *York,* 326 U. S. 99, applied at the last Term in *Ragan* v. *Merchants Transfer & Warehouse Co.,* 337 U. S. 530, and *Cohen* v. *Beneficial Industrial Loan Corp.,* 337 U. S. 541, 555. Congress has authorized State courts to enforce Federal rights, and Federal courts State-created

rights. Neither system of courts can impair these respective rights, but both may have their own requirements for stating claims (pleading) and conducting litigation (practice).

In the light of these controlling considerations, I cannot find that the Court of Appeals of Georgia has either sought to evade the law of the United States or did so unwittingly. That court showed full awareness of the nature and scope of the rights and obligations arising under the Federal Employers' Liability Act as laid down in this Court's decisions.[1] It fully recognized that the right under the Act is founded on negligence by the carrier in whole or in part, that "assumption of risk" must rigorously be excluded, that contributory negligence does not defeat the action but merely bears on damages. Nor is it claimed that by the use of presumptions or otherwise the State court placed on the plaintiff a burden of proof exceeding that of the Act. All that the Georgia court did was conscientiously to apply its understanding of what is necessary to set forth a claim of negligence according to the local requirement of particularity. Concretely it ruled that "The mere presence of a large clinker in a railroad yard can not be said to constitute an act of negligence." For all that appears, the Georgia court said in effect, the clinker had been placed there under such circumstances that responsibility could not be charged against the defendant. On this and other assumptions not met by plaintiff's complaint, the court did not find in the phraseology used in the complaint that the de-

---

[1] Indeed, the history of Georgia legislation and adjudication indicates that long before there was a Federal Employers' Liability Act that State was humane and not harsh in allowing recovery to railroad employees for injuries caused by the negligence of the carrier. Ga. Laws 1855, p. 155; *Augusta & S. R. Co.* v. *McElmurry,* 24 Ga. 75; Dodd, Administration of Workmen's Compensation 13–14 (1936).

fendant was chargeable with neglect for the presence of the offending clinker in a yard operated by itself as well as another carrier. I would not so read the complaint. But this does not preclude the Georgia court from taking a more constrained view. By so doing it has not contracted rights under the Federal Act nor hobbled the plaintiff in getting a judgment to which he may be entitled.

It is not credible that the Georgia court would be found wanting had it stated that under Georgia rules, as a matter of pleading, it was necessary to state in so many words that the presence of the particular clinker was due to the defendant's negligence, and to set forth the detailed circumstances that made the defendant responsible, although the range of inference open to a jury was not thereby affected. This is what that court's decision says in effect in applying the stiff Georgia doctrine of construing a complaint most strongly against the pleader. It is not a denial of a Federal right for Georgia to reflect something of the pernicketiness with which seventeenth-century common law read a pleading. Had the Georgia court given leave to amend in order to satisfy elegancies of pleading, the case would of course not be here. With full knowledge of the niceties of pleading required by Georgia the plaintiff had that opportunity. Georgia Code § 81–1301 (1933).[2] He chose to stand on his complaint against a general demurrer. If Georgia thereafter authorizes dismissal of the complaint, the State does not thereby collide with Federal law.

I would affirm the judgment.

---

[2] See also *Wells* v. *Butler's Builders' Supply Co.*, 128 Ga. 37, 40, 57 S. E. 55, 57; *Cahoon* v. *Wills*, 179 Ga. 195, 175 S. E. 563; Note, 106 A. L. R. 570, 574 (1937); Davis and Shulman, Georgia Practice and Procedure § 96 (1948).