33441.   GEORGIA, SOUTHERN & FLORIDA RAILWAY COMPANY *v.* WILLIAMSON.

DECIDED MAY 8, 1951.   REHEARING DENIED JUNE 5, 1951.

*Hall & Bloch, Denmark Groover Jr.,* for plaintiff in error.

*Thomas J. Lewis, Thomas J. Lewis Jr., R. M. Maxwell, E. W. Maynard, Carlton Mobley,* contra.

GARDNER, J. ■ We will deal first with the motion of the plaintiff to dismiss the bill of exceptions. The action or non-action of the trial judge respecting the provisions of Rule 7 of the Rules of Practice and Procedure for Appeals or Review, unofficially codified in the Publisher's Pocket Edition of the Code, § 6-908(1), and which relate to the notice the trial judge shall require to be served upon a party to a bill of exceptions or his counsel to afford opportunity to determine its correctness, is not reviewable by this court. See Ga. L. 1946, pp. 726, 739, Code Supp. § 6-909; *Ellis* v. *Gisi,* 77 *Ga. App.* 56 (47 S. E. 2d, 825); *Midtown Chain Hotels Company* v. *Bender,* 77 *Ga. App.* 723 (49 S. E. 2d, 779); *Horne* v. *Skinner,* 206 *Ga.* 491 (57 S. E. 2d, 576).

It follows that this motion being without merit is overruled.

■ The liability of the defendant is predicated upon a failure by it to furnish to the plaintiff, its employee, engaged in the performance of the duties of a yard switchman in defendant's yards at Macon, a reasonably safe place in which to perform the duties of his employment. 45 U.S.C.A. 54. If the defendant failed to furnish to the plaintiff a reasonably safe place to work, then if the petition sufficiently alleges facts showing this, a cause of action for the plaintiff against the defendant is set forth and the trial judge correctly overruled the defendant's general and special demurrers to the petition.

It is claimed by the defendant that the court erred in overruling its special demurrers directed to particular facts of the petition, in which it required more specific allegations by the plaintiff, and that had the court ruled properly in this regard, striking from the petition the improper and incomplete or insufficient allegations, the petition would not have stated a cause of action in the plaintiff's favor, and the general demurrers thereto should have been sustained. The facts are fully stated in the statement accompanying this opinion. We will not attempt to further elaborate thereon. Boiled down to their essence, the special demurrers of the defendant to various paragraphs of the petition and to the amendment of the plaintiff and to the pe-

tition as amended set forth that these allegations are vague and ambiguous, irrelevant and immaterial, that there is no causal connection between the debris, alleged to have been scattered in the defendant's yards and along the side of the tracks, and the injury sustained by the plaintiff, and that it is not shown from the petition how the presence of the debris constituted any negligence on the part of the defendant toward the plaintiff, and also because the exact place where the plaintiff claims that he stepped upon a piece of loose coal or other debris or substance, which caused his left foot to turn and resulting in his falling in front of the approaching boxcar and the wheels of the car to so injure him as. to cause the amputation of his right leg and right hand, is not alleged, and because it is not alleged why it was necessary for the plaintiff to cross over the debris scattered along the side of the track, and also because the words "as heretofore described" do not suffice to inform the defendant what debris was scattered along the tracks, as contended by the plaintiff, and because such alleged debris is not described therein as to content, size or exact location, and also because it appears from paragraph 17, added by the amendment, that the allegations of the plaintiff are mere speculation and conjecture in that the plaintiff shows that he does not know exactly what he did step upon that caused his foot to turn over and him to fall.

The office of the special demurrer in this State is to point out defects in the petition as to matters of form and to point out irrelevant and ambiguous matter, and to require the pleader to make his pleading more certain and as to a bill, petition or declaration to require the plaintiff to set out his alleged cause of action and grievance against the defendant with such definiteness, clarity and particularity as to enable the defendant to know the exact nature of the complaint against it and to prepare itself to defend against the charges made. A petition does not have to go into minute detail and the pleader is not required to set out his evidence in the petition. Reasonable definiteness and certainty is all that should be required, even though the attack is made by special demurrer, and other demands by special demurrer should not be encouraged. *Southern Ry. Co.* v. *Lunsford,* 50 *Ga. App.* 829, 833(3) (179 S. E. 571); *Charleston &c. Ry. Co.* v. *Attaway,* 7 *Ga. App.* 231(2) (66 S. E. 548).

While conclusions should not be alleged as a basis for recovery the same are not demurrable where there are facts alleged to support them, even though they appear in other parts of the petition. *Furr* v. *Burns*, 124 *Ga.* 742 (5) (53 S. E. 201); *Western Union Telegraph Co.* v. *Harris*, 6 *Ga. App.* 260 (64 S. E. 1123).

Under the act of Congress, known as the Federal Employers' Liability Act (45 U. S. C. A., supra), it was made the duty of a railroad company to furnish to its employees a safe place in which to carry out the duties of their employment, and the railroad is charged with the exercise of ordinary care in both the selection and the maintenance of such a place. *Southern Ry. Co.* v. *Puckett*, 16 *Ga. App.* 551 (85 S. E. 809), affirmed 244 U. S. 571 (37 Sup. Ct. 703, 61 L. ed. 1321). The plaintiff predicated his right to recover upon the failure of the defendant, his employer, in this regard. The plaintiff charged in the petition that the defendant failed, as to the place where the plaintiff was required and directed to perform the duties of his employment, to maintain such place in a reasonably safe condition. This was based upon the fact that about the railroad yards of the defendant there were scattered loose coals, clinkers and other named debris and articles, which had been allowed to accumulate there, and which had been there such a length of time as to put the defendant on notice that they were there. The plaintiff charges that his duties consisted of meeting the cars as the defendant's switch engine cut them loose and riding same into the proper siding, and that in order to do this, when a car was cut loose from the engine pulling or pushing same or was shoved, the plaintiff had to go along the defendant's tracks and yard toward such car, which would be rapidly approaching, and open the switch and cause the same to go into the defendant's track. In such circumstances, when a car was cut loose, it necessarily became the duty of the plaintiff to make haste in the performance of these duties and this the defendant is charged with knowing. Under the ruling made in the *Puckett* case, supra, and cases cited and under the ruling made in Brown *v.* Western Ry. of Ala., 338 U. S. 294 (70 Sup. Ct. 105, 94 L. ed. 100); s. c. 77 *Ga. App.* 780 (49 S. E. 2d, 833), where it appeared from the petition that the railroad company allowed clinkers and other debris to accumulate in its yards and where

the duties of a trainman or yardman employed by such railroad company required him to use such yard and the place where such clinkers and other debris were scattered about, the jury might find, in a case brought under the above law, that the railroad company had not furnished to employees required to use the yards, a reasonably safe place in which to work, and that where one was caused to fall by reason of a loose piece of coal, clinker or other debris scattered along the tracks where such person was required to pass in performing his duties, upon which the employee stepped, such fall resulting in his injury, a prima facie case of liability is made against the defendant railroad company under the Federal Employers' Liability Act. The petition of the plaintiff, as amended, therefore sets forth a cause of action good as against the general demurrers of the defendant railroad company thereto.

However, it is urged by the defendant railroad company that in the *Brown* case there were no special demurrers directed to the allegations or lack thereof regarding the kind of debris on which the employee stepped and as to the exact place where the employee stepped thereon. This being so, the railroad contends, the present case differs from the *Brown* case. The defendant says that the special demurrers were well taken and that upon striking from the plaintiff's petition the irrelevant and improper allegations, the petition failed to set out a cause of action under the *Brown* case. With this we can not agree. These grounds of special demurrer were not well taken. The petition described the place of work and the condition of this place of work at the time the plaintiff was engaged in performing his duties with sufficient clarity and fullness to meet the grounds of special demurrer urged thereto. Under the facts alleged, it was not necessary that the plaintiff allege more than he did.

The details asked for by the defendant in its special demurrer were within the peculiar knowledge of the defendant and its other employees. The petition was not subject to demurrer because the plaintiff failed to allege whether he stepped upon a clinker, a piece of coal or other debris. The plaintiff was not required to keep his eyes on the ground as he raced to meet the oncoming boxcar, in order to carry out his duties. He had a right to assume that the way was clear. He is not required to

know exactly where this clinker was located. The petition is sufficient when it alleges that he went along beside the track towards the place where he was to meet the car and cause same to be placed on the particular track required and as he did so his foot struck a piece of coal or other debris about the size of a man's fist and he was thereby precipitated to the ground and in front of the oncoming car. There is no merit in the contention that there is no causal connection between the allegations as to the debris being scattered on the ground in this yard and the plaintiff's injury. The unsafe place in which to perform his duties furnished to the plaintiff by the defendant railroad company caused plaintiff's left foot to turn, which caused him to fall and to be thrown under the boxcar, the wheels of which injured him.

Neither is there any merit in the repeated contention of the defendant that it did not appear from the petition that the alleged debris scattered about this railroad yard where the defendant required the plaintiff to work constituted any negligence on its part as to the plaintiff and his injury. The petition, as amended, was sufficiently full. Neither paragraph 17 of the petition, as amended, nor any other paragraph of the petition was subject to demurrer because it did not appear therefrom why it was necessary for the plaintiff to cross over the debris along the side of the track. From the allegations of the petition, as amended, it clearly, adequately and sufficiently appears that the plaintiff, in the proper performance of his duties, was required to use that portion of the defendant's yards whereon were scattered the loose pieces of coal, clinkers and other debris. The plaintiff was not required to set out the content, the exact nature, the size and the exact location of the piece of debris upon which he stepped and which caused him to fall. Paragraph 17 was not subject to the special demurrer urged because of the use therein of the words "as heretofore described." It appeared sufficiently from the petition as a whole that there were scattered about the defendant's yards being used by the plaintiff in the performance of his duties when he was injured, loose pieces of coal, clinkers and other pieces and articles of debris, and that this was distributed generally about the portion of the yards being used by the plaintiff in the performance of

his duties when he was injured. The petition, as amended, was full and clear enough to sufficiently put the defendant on notice as to the nature of the plaintiff's claim in this and other regards. There is no merit in the defendant's contention that paragraph 17 of the petition, as amended, shows on its face that it is mere speculation and conjecture on the plaintiff's part as to the injury and the conditions causing and surrounding the same and because the plaintiff states that he does not know exactly what he stepped upon and which caused him to fall, as alleged.

There is nothing conflicting in the case of Moore *v.* Chesapeake & Ohio Ry. Company, 142 Fed. 2d, 176 (5): That headnote reads as follows: "Where under the evidence a jury's verdict for plaintiff could have resulted only from speculation and conjecture, such a verdict can not be allowed to stand." Neither is the case of Galloway *v.* U. S., 319 U. S. 372, 395 (63 Sup. Ct. 1077, 87 L. ed. 1458), in conflict with what we here hold. Those cases deal with questions of proof of the allegations in the petition. Here we are dealing with a question of law, as to the sufficiency of the allegations. The question as to whether the proof in this case on the trial sustains the allegations, is quite a different matter.

The plaintiff's petition, as amended, was not subject to the grounds of general and special demurrer urged. It does not appear that there had been any assumption of risk by the plaintiff in working about the yard of the defendant and performing his required duties knowing that there were scattered about the yard loose coal, clinkers and other debris, upon which he might step and which if stepped upon might cause him to stumble. This doctrine was abolished by the enactment of the Federal Employers' Liability Act. See Tiller *v.* A. C. L. Ry. Co., 318 U. S. 54 (63 Sup. Ct. 444, 87 L. ed. 610, 143 A. L. R. 967).

There is no merit in the defendant's contention that to rule as above is to abolish the special demurrer rule prevailing in Georgia. We have carefully considered the defendant's special demurrers to various paragraphs and allegations of the plaintiff's petition, as amended, and hold that after considering the same, the plaintiff's petition sufficiently, definitely, clearly and adequately sets out a cause of action under the Federal Employers' Liability Act and the decisions based thereon, and

that the petition, as amended, was not subject to any of the grounds of special demurrer urged thereto by the defendant. We have carefully considered the various special demurrers to irrelevant matter, surplusage, conclusions, and the like, and deem that the same are not meritorious. It can not properly be said that there is no causal connection between the negligence alleged and the plaintiff's injury. No rulings contained in *Pollard* v. *Roberson*, 57 *Ga. App.* 621, 624 (3, 4) (195 S. E. 897); *Carter* v. *Powell*, 57 *Ga. App.* 360(2), 372 (195 S. E. 46); *Cox* v. *Norris*, 70 *Ga. App.* 580 (28 S. E. 2d, 888); *Atlantic Coast L. R. Co.* v. *Anderson*, 73 *Ga. App.* 343 (36 S. E. 2d, 345), hold to the contrary of the ruling now made. The case of *Lee* v. *Central R. & Bkg. Co.*, 86 *Ga.* 231 (12 S. E. 307), is not authority for holding that the petition here, as amended, failed to allege a cause of action. That case was based upon the assumption of risk doctrine and was prior to the Federal law on which this case is based. There is nothing in *Blackstone* v. *Central of Ga. Ry. Co.*, 105 *Ga.* 380 (31 S. E. 90) to the contrary of the ruling now made. That case does not require a ruling that the petition, as amended, was defective in not alleging exactly where the piece of debris on which the plaintiff stepped was located. The plaintiff was hastening toward the oncoming boxcar and the nature of what befell him immediately upon stepping on this piece of debris was such as to cause him to be unable to know more of the occurrence than that he stepped upon a small article of some kind as he hastened along defendant's lead track to meet the oncoming boxcar and perform his duties. There is no merit in the contention that it appears the defendant knew or in the exercise of ordinary care should have known of the existence of this debris scattered about its yards. The case of St. Louis &c. Co. *v.* Ingram, 124 Ark. 298 (187 S. W. 452), affirmed 244 U. S. 647 (37 Sup. Ct. 741, 61 L. ed. 1370), and similar cases cited by the defendant, do not require a ruling that the petition, as amended, in this case was defective in not alleging facts from which the jury might be authorized to find that the defendant knew or ought to have known of the existence of this debris. The holding here made is not to the effect that the defendant company is an insurer of the safety of its employees. Under the decisions of this court in the *Puckett* case

and of the United States Supreme Court in the *Brown* case, considered with the allegations of the petition, a cause of action is stated, and, as we have seen, the attacks by special demurrer of the defendant railroad company are not well taken.

Under the allegations of the petition as amended, it is not necessary to presume any negligence on the part of the defendant railroad company. Had this debris not been about the defendant's railroad yards where the plaintiff had to perform his work the plaintiff would not have stumbled and fallen, and the injury would not have occurred had he not fallen under the oncoming car. Under the allegations of the petition, as amended, the injury to the plaintiff was caused by this fall which the jury could determine was the result of the failure on the part of the defendant to maintain its yards in a reasonably safe condition; that is, to furnish the plaintiff with a reasonably safe place in which to work. The cases cited by the defendant as to the happening of an accident being insufficient to raise any presumption of negligence under the Federal Employers' Liability Act are not applicable here.

It follows that the court did not err in overruling the demurrers of the defendant to the plaintiff's petition, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*