## 34598. SOUTHERN RAILWAY COMPANY v. TURNER.

DECIDED APRIL 22, 1953.

*Reese, Bennet & Gilbert,* for plaintiff in error.

*Hewlett, Dennis, Bowden & Barton, Nightingale & Liles,* contra.

TOWNSEND, J. The special demurrers are treated as abandoned, as counsel for the defendant in their brief state that the single question is whether the petition sets forth a cause of action. The Federal Employers' Liability Act (45 U.S.C.A. § 51) provides in part that every common carrier shall be liable to any person suffering injury while employed by such carrier resulting in whole or in part from the negligence of its employees, or by reason of any defect or insufficiency, due to its negligence, in its machinery, track, roadbed, works or other equipment. The question may therefore be further narrowed to consideration of whether a rotten crosstie, by means of which the plaintiff was injured, may as a matter of law be held not a defect or insufficiency in the defendant's track or roadbed due to its negligence, for, if not, the allegations of the petition are sufficient to charge that the defendant failed to furnish its employee with a safe place to work. Counsel for the defendant rely primarily upon the case of Nelson *v.* Southern Railway Co. 246 U. S. 253 (38 Sup. Ct. 233, 62 L. ed. 699). The Supreme Court in that case held that a civil engineer walking along a main track and injured by a rotten crosstie in about the same manner the plaintiff here alleges injury had no cause of action. The court, in a brief opinion, pointed out that "plaintiff knew that there were always some ties on the line which' were partly decayed, and also that the ballast was occasionally lower than the top of the ties," and concluded as follows: "It is clear that the defendant did not fail in any duty which it owed to the plaintiff." This language within the opinion, as well as the discussion of the Nelson case and the distinctions drawn in Chicago Great Western Railway Co. *v.* Peeler, 140 Fed. 2d, 865, strongly suggest that the assumption-of-risk doctrine entered into the decision in the Nel-

son case, the Supreme Court appearing to have used "safety in operation" as the test of negligence, safety in working conditions, and to have, in consequence, regarded a rotten crosstie which did not affect safety in operation, as an ordinary hazard of employment known to the plaintiff. Since this decision, an amendment to the law, enacted by Congress in 1939, provides as follows: "That in any action brought against any common carrier under or by virtue of any of the provisions of this chapter to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where such injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C.A. § 54. It is declared in Tiller v. Atlantic Coast Line R. Co., 318 U. S. 54 (1) (63 Sup. Ct. 444, 87 L. ed. 610), that this amendment "obliterated from that law every vestige of the doctrine of assumption of risk," and further rejected the argument that "the assumption of risk might still be relied upon to prove that the respondent had no duty to protect . . . [plaintiff] from accustomed danger"; but stated "that Congress, by abolishing the defense of assumption of risk in that statute, did not mean to leave open the identical defense for the master by changing its name to 'non-negligence'." This court, in deciding issues relative to Federal laws, must follow the standards and interpretations set up under Federal, rather than State, decisions. Ellis v. Union Pacific Ry. Co., 329 U. S. 649, (67 Sup. Ct. 598, 91 L. ed. 572); Bailey v. Central Vermont Railway, 319 U. S. 350 (63 Sup. Ct. 1062, 87 L. ed. 1444). It follows, therefore, that the Tiller case, upon which the Supreme Court accepted certiorari for the expressed purpose of defining the assumption-of-risk doctrine in relation to § 54 of the Federal Employers' Liability Act, is therefore controlling authority both as to State decisions and Federal decisions prior to the amendment to such act, and that what is said therein prevents the case of Nelson v. Southern Railway Company, supra, from having any controlling effect upon the decision in this case, which, due to the similarity of the facts involved, it might otherwise have had. It might be further observed that the degree of care required by a railroad in furnishing its employees a safe place in which to work

must also be measured, at least in part, by the duties of the employees involved. As pointed out in Fleming v. Husted, 164 Fed. 2d, 65: "Even if it could be declared that the platform was reasonably safe for such ordinary uses as walking, trucking and other general depot purposes (which we need not determine), it would not therefore follow that it also was reasonably safe for the more hazardous use as a facility in allowing trainmen to alight from moving cars." In Brown v. Western Ry. of Alabama, 77 Ga. App. 780 (49 S. E. 2d, 833), reversed by 338 U. S. 294 (70 Sup. Ct. 105, 94 L. ed. 100), a switchman, running around an engine, slipped and injured himself by stepping on a loose clinker in the yard, and the United States Supreme Court held that this court erred in affirming dismissal of the action on general demurrer, as against the allegation that the defendant failed to furnish the plaintiff with a reasonably safe place in which to work. Questions as to what conduct on the part of the employer constitutes negligence, as well as questions of whether the negligence alleged is the proximate cause of injury, are ordinarily for the jury. Wilkerson v. McCarthy, 336 U. S. 53 (69 Sup. Ct. 413, 93 L. ed. 497) ; Bailey v. Central Vermont Railway, 319 U. S. 350, 354, supra; Stewart v. Baltimore & Ohio R. Co., 137 Fed. 2d, 527; Georgia, Southern & Florida Ry. Co. v. Williamson, 84 Ga. App. 167 (65 S. E. 2d, 444) ; Fleming v. Husted, supra; Chicago Great Western Ry. Co. v. Peeler, supra. The allegations of the petition here are sufficient, in view of these recently decided cases, to pose a jury question as to whether the defendant railroad was negligent in failing to provide the plaintiff with a safe place in which to work, and whether such negligence was the proximate cause of his injuries.

The trial court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*