**CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY,**

v.

**T. L. GILL.**

**No. 14941.**

United States Court of Appeals Fifth Circuit.

Dec. 2, 1954.

Rehearing Denied Jan. 14, 1955.

---

R. A. Wilson, Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Tex., F. B. Walker, Thompson, Walker, Smith & Shannon, Fort Worth, Tex., for appellant.

Denning Schattman, Davis, Schattman & Lewis, Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment entered upon a jury's verdict for the plaintiff in an action brought under the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq. Appellant contends that the district court erred in denying its motion for a directed verdict and for judgment *non obstante veredicto* on the grounds that the evidence did not make a fact issue with respect to either: (a) failure of defendant to exercise reasonable care to furnish its employees a safe place to work; or (b) causal relationship between any such failure and the injury sustained.

The accident occurred in appellant's freight yards in Amarillo, Texas, in the daytime, about an hour before sundown on April 15, 1952. The appellee was head brakeman on a freight train that was to make a run leaving Amarillo at 6:15 P. M. bound for Sayre, Oklahoma. As customary, the members of the train crew went on duty thirty minutes prior to leaving time. While the engineer and fireman went to the round house to get the engine, appellee went to the round house lead switch to line the switch for the engine backing westerly from the round house out onto the lead track. Approximately 8 to 10 feet west of the switch stand is the easterly runner or rail of some three or four sets of wooden runners coming from the motor car sheds and being perpendicular to the lead track. After throwing the switch, appellee stepped between the first set of wooden runners west of the switch stand. He was equipped with a lantern which he had picked up at a caboose in the yards for use later that evening and night. For the next hour or more of daylight he had no use for the lantern; and, as the engine backed out on the lead, he attempted to hand the lantern up to the fireman. The fireman could not quite reach the lantern and appellee jumped up about a foot to make the contact, and as he came down his right foot landed upon the second or westerly wooden runner. There was evidence from which the jury could find that the right portion of the sole of his right foot struck the edge of the runner, and his left foot went in the space between the runners. At that point the wooden runners extended about three inches above the level of the brakeman's pathway or runway. There was evidence that these wooden runners need not be elevated to serve their purpose, and that they should be flush with the ground, but that appellant had failed to keep the ballast and gravel filled in between the runners. Appellee twisted and fell to one side and his right ankle was severely broken.

Appellant owed a duty of reasonable care to furnish its employees with a safe place to work. Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 63 S.Ct. 1062, 87 L.Ed. 1444; Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497; Williams v. Atlantic Coast Line R. Co., 5 Cir., 190 F.2d 744, 747. The reasonable inferences to be drawn from the testimony as to whether that duty was breached must be left to the jury. Bailey v. Central Vermont Ry., supra; Brown v. Western Ry. of Alabama, 338 U.S. 294, 298, 70 S.Ct. 105, 94 L.Ed. 100.

Under the broad language of the Federal Employers' Liability Act, the appellant is liable for injury "resulting in whole or in part" from its negligence, 45 U.S.C.A. § 51. The issue of causation was for the jury. Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 90 L.Ed. 916; Brown v. Western Ry. of Alabama, supra.

The judgment is
Affirmed.