DONALD R. WEISS, Plaintiff-Appellant, v. THE VILLAGE OF DOWNERS GROVE *et al.*, Defendants-Appellees.

Second District   No. 2—91—0607

Opinion filed February 26, 1992.

Robert J. Zotti, of Oak Brook, and Timothy Fisher, of Hinsdale, for appellant.

James L. DeAno, of O'Reilly, Cunningham, Norton & Mancini, of Wheaton, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Donald R. Weiss, appeals from the circuit court's order dismissing his complaint against the defendants, the Village of Downers Grove, Lonnie Rogers and George Graves. On appeal, the plaintiff disputes that the one-year limitation period set forth in the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*) bars his civil rights action pursuant to 42 U.S.C. §1983 (1988). He brought his action within two years of the date of the occurrence.

The cause arose from an incident on June 22, 1988, when Lonnie Rogers of the Downers Grove police department arrested the plaintiff and took him into custody. Allegedly, during the arrest, Officer Rogers placed the handcuffs too tightly on the plaintiff's wrists, thereby injuring him. On June 21, 1990, the plaintiff filed a three-count complaint. Count I alleged negligence; count II alleged willful and wanton conduct; and count III alleged that the defendants violated the plain-

tiff's civil rights (section 1983 claim). Pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)), the defendants moved to dismiss the complaint on the ground that it was not timely under section 8—101 of the Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 8—101). The court granted the motion *ex parte* and dismissed the complaint with prejudice.

Within 30 days, the plaintiff moved, pursuant to section 2—1203 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203), to vacate the dismissal. The court denied the motion to vacate, and this timely appeal followed.

On appeal, the plaintiff presents several arguments why the trial court erred in dismissing count III of his complaint as untimely. According to the plaintiff, section 1983 actions are governed by the two-year limitations provisions set forth in section 13—202 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 13—202), the general Illinois personal injury limitation statute, and not by the one-year limitation provided in the Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 8—101). The defendants argue that the Illinois legislature has displayed an intent to have the Tort Immunity Act's shorter limitation period apply to section 1983 actions. They also argue that Illinois courts may apply the Tort Immunity limitation provision to section 1983 actions brought in the State court.

■ As the plaintiff correctly notes, section 1983 does not include a limitations provision. (See 42 U.S.C. §1983 (1988).) Further, in case law that the defendants fail to distinguish, the Supreme Court explicitly held that when a section 1983 action is brought in State court, the applicable limitations period is that which the State applies to personal injury actions. *Owens v. Okure* (1989), 488 U.S. 235, 249-50, 102 L. Ed. 2d 594, 605-06, 109 S. Ct. 573, 582.

■ The parties take several tacks in their analysis of whether it is the general tort limitation provision or the special, shorter Tort Immunity Act limitation that applies here. The defendants focus largely upon whether the Illinois legislature intended the Tort Immunity Act to apply to section 1983 claims. However, they ignore the principle that municipal defenses to a Federal right of action are controlled by Federal law. *Owen v. City of Independence* (1980), 445 U.S. 622, 647 n.30, 63 L. Ed. 2d 673, 691 n.30, 100 S. Ct. 1398, 1413 n.30.

The Supreme Court has ruled that a Federal right may not be defeated by local forms of practice when the cause is brought in State court. (*Brown v. Western Ry.* (1949), 338 U.S. 294, 296, 94 L. Ed. 100, 102, 70 S. Ct. 105, 106.) It also has held that a State law which

provides governmental immunity to conduct otherwise subject to section 1983 is preempted. (*Martinez v. California* (1980), 444 U.S. 277, 284, 62 L. Ed. 2d 481, 488, 100 S. Ct. 553, 558.) "The decision to subject state subdivisions to liability for violations of federal rights *** was a choice that Congress *** made, and it is a decision that the State has no authority to override." *Felder v. Casey* (1988), 487 U.S. 131, 143, 101 L. Ed. 2d 123, 141, 108 S. Ct. 2302, 2309.

■ Various courts have interpreted *Felder* as standing for the proposition that "[m]unicipal tort immunity statutes may not be used as a defense to a federal civil rights claim." (*Hillman v. Columbia County* (1991), 164 Wis. 2d 376, 404 n.12, 474 N.W.2d 913, 924 n.12, citing *Felder*, 487 U.S. at 138-53, 101 L. Ed. 2d at 137-47, 108 S. Ct. at 2306-14; see also *Graham v. Sauk Prairie Police Comm'n* (7th Cir. 1990), 915 F.2d 1085, 1092 n.5.) Finally, in more than one case, the Supreme Court has quoted the Seventh Circuit opinion in *Hampton v. City of Chicago* (7th Cir. 1973), 484 F.2d 602, 607, which stated:

> "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. §1983 or §1985(3) cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise."

*Owen*, 445 U.S. at 647 n.30, 63 L. Ed. 2d at 691 n.30, 100 S. Ct. at 1413 n.30; *Martinez*, 444 U.S. at 284 n.8, 62 L. Ed. 2d at 488 n.8, 100 S. Ct. at 558 n.8.

As the Court in *Felder* explained, "a state law that immunizes government conduct otherwise subject to suit under §1983 is preempted [*sic*], even where the federal civil rights litigation takes place in state court, because the application of the state immunity law would thwart the congressional remedy." *Felder*, 487 U.S. at 139, 101 L. Ed. 2d at 138, 108 S. Ct. at 2307.

■ Where, as here, a State court considers a Federal claim under the supremacy clause of the United States Constitution (U.S. Const., art. VI), the State court must apply Federal law to the claim. (*Garrett v. Moore-McCormack Co.* (1942), 317 U.S. 239, 245, 87 L. Ed. 239, 243, 63 S. Ct. 246, 251.) Thus, if the limitations provision of the Tort Immunity Act conflicts with Federal law, the Tort Immunity Act is preempted.

We conclude that the special limitations provision embodied in the Tort Immunity Act is contrary to the Supreme Court's holding that the applicable statute of limitations for a section 1983 action is the general personal injury limitations period. Consequently, any State attempt, through the Tort Immunity Act, to immunize a municipality

from liability in a section 1983 action was ineffective. The trial court erred in applying section 8—101 of the Tort Immunity Act to dismiss the plaintiff's section 1983 cause of action. The action was timely under the applicable two-year limitation period of section 13—202 of the Code.

Since the plaintiff has not appealed the dismissal of the other counts of his complaint, we affirm the order of the circuit court dismissing counts I and II; we reverse the dismissal of count III, and we remand the cause.

Affirmed in part; reversed in part and remanded.

UNVERZAGT and NICKELS, JJ., concur.