## DELEVIE v. READING CO.
### No. 9882.

United States Court of Appeals
Third Circuit.

Argued May 17, 1949.

Decided July 27, 1949.

Henry R. Hubner, Philadelphia, Pa. (Wm. Clarke Mason, Philadelphia, Pa., on the brief), for appellant.

Harry A. Demar, Philadelphia, Pa. (Harry R. Kozart, Philadelphia, Pa., on the brief), for appellee.

Before O'CONNELL and KALODNER, Circuit Judges, and LEAHY, District Judge.

O'CONNELL, Circuit Judge.

This Court, as well as others, has already expressed its opinion concerning the desirability of extending to employees of railroads engaged in interstate commerce the advantages of legislation similar to the various state workmen's compensation laws. It is probably unnecessary again to stress the point that, when an employee is injured or killed during the course of his work, the rights of employee and employer ought not to be dependent upon proof of fault. We must continue to apply the law as it stands, of course, until legislation is enacted which affords insurance coverage at the national level for employees like the man whose death led to this complaint.

The facts of the instant case are not complex. Plaintiff's husband ("Delevie"), an engineman of defendant, was mounting a shifting engine which was not moving. He fell, suffered severe injuries, and eventually died. After a lengthy trial, the jury, in answer to a specific interrogatory, found that there was no foreign substance on the steps, footwalk, or running board—which were progressively the means of entry to the engine cab—in sufficient quantity to

make the path to the engine cab unsafe at that time. The jury also found, however, that a power reverse gear mechanism installed horizontally above the metal footwalk made access to the cab unsafe, and that the location of that mechanism was a cause of the accident.[1] If the jury had evidence warranting those findings, settled law requires that its verdict for plaintiff stand. The trial court, denying a motion by defendant to set aside the verdict and enter judgment in its favor, held that there was such evidence. We reach the same result.[2]

█ Defendant urges that the jury should not have been permitted to consider the location of the reverse gear mechanism as a basis for liability. According to defendant, (1) the Interstate Commerce Commission required the mechanism; (2) as installed in 1941, the gear still left the 10-inch footwalk clearance required by I. C. C. regulations of long standing; and (3) the location of the mechanism was selected by qualified personnel of defendant and had passed Interstate Commerce Commission inspections. Consequently, we are told, it was error to give the jury what amounted to a second guess where the reverse gear should have been installed.

The trial judge, however, effectively demonstrated the fallacy of that argument. The Interstate Commerce Commission does not purport to issue a set of regulations so complete and comprehensive that a railroad company need only obey its instructions. Defendant had to install a reverse gear mechanism, and had to provide a footwalk at least 10 inches in width; but defendant was not promised immunity from liability merely by placing the mechanism in a spot where a footwalk, otherwise 27 inches in width, still protruded about 10 inches be-

yond the mechanism. We should have a different case if defendant had proved that the Interstate Commerce Commission had directed the location of the gear there, or that no other area was suitable; but here defendant, through its experts, made a choice of where it wanted the gear to be; and the physical set-up which resulted was one which the jury found to be unsafe.

We cannot say the jury reached an arbitrary conclusion. As was aptly pointed out by the district judge, in his opinion denying the motion of defendant for judgment, "* * * the power mechanism may have interfered with Delevie in reaching for the handrail as he mounted the steps to the footwalk and so thrown him off balance as he reached that stage of his progress toward the cab." To this we might add the distinct possibility that the reverse gear, being situated only a foot above the footwalk and cutting off more than half of the walk, might well have made it particularly difficult for a 275-pound man like Delevie to maintain a secure grip on the top portion of the handrail, which tube followed the receding curvature of the engine. We need not decide that the weight of the evidence supports the likelihood that such would occur; it is sufficient that we note that the physical facts of themselves afford an appropriate basis for this jury reasonably to reach the result it did.[3]

█ The trial judge concluded his opinion denying judgement in favor of defendant with the remark, "In other words, a locomotive, no single part of which is installed or maintained in violation of the Boiler Inspection Act, may still provide an unsafe place to work and so violate the Act." The principle exemplified therein is the real obstacle to the position which defendant has taken throughout this case.

---

[1] The footwalk was approximately 5 feet higher than ground level; the underside of the power reverse gear cylinder was about one foot above the footwalk, and was about 3 inches lower than the running board which ended at the cab doorway.

[2] As to whether liability would be predicated upon the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the Boiler Inspection Acts, 45 U.S.C.A. § 22 et seq., or both, see Urie v. Thompson, 1949, 337 U.S. 163, 69 S.Ct. 1018.

[3] Although not considered in arriving at our decision, the indication in the testimony that employees of defendant had complained about the location of the gear is here recorded. We refrain from commenting further, only because defendant succeeded largely in having the trial court bar testimony to that effect.

We think the statement is an accurate representation of the law, as was specifically held in Louisville & N. R. Co. v. Botts, 8 Cir., 1949, 173 F.2d 164, 167-168, and cases cited therein. See also Bolan v. Lehigh Valley R. Co., 2 Cir., 1948, 167 F.2d 934, 936.

For the reasons stated, the judgment will be affirmed.