33017. ATLANTIC COAST LINE R. CO. *et al. v.* EDGE.

DECIDED MAY 19, 1950.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiff in error.

*T. J. Lewis, R. M. Maxwell, T. J. Lewis Jr.,* contra.

SUTTON, C. J. This was an action in Fulton Superior Court by a railroad employee against his employers for damages on account of personal injuries sustained while engaged in his employment in furtherance of interstate commerce The following, in substance, is alleged in the petition: C. N. Edge, the plaintiff, was employed by the Atlantic Coast Line Railroad Company and the Louisville and Nashville Railroad Company, the defendants, as a car repairer in their yards in the City of Atlanta, where the defendants, as lessees of certain railroad lines and facilities, operated and maintained joint freight terminals and depots under the name of Atlanta Joint Terminals, an unincorporated joint association. On or about August 12, 1947, the plaintiff was directed by his foreman to make certain running repairs to the running board of a certain boxcar located

on the tracks of the defendants in the Atlanta yards. This was a wooden running board which was located on the metal roof of the boxcar, and it was approximately 12 feet from the ground. The roof of the car and the running board at or near the place to be repaired were covered with rosin. While in the performance of his duties he stepped on the rosin on the roof and fell, sustaining certain described injuries. At the time, he was 27 years old, earning or capable of earning $300 per month, and had a life expectancy of 36.41 years. For four months following the fall he was unable to do any work of any kind. The defendants were engaged in interstate commerce, and the plaintiff was working on instrumentalities used in interstate commerce. The defendants were charged with negligence as the proximate cause, in whole or in part, of the plaintiff's injuries: "(a) In failing to furnish plaintiff with a reasonably safe place in which to work and reasonably safe appliances with which to perform his labors. (b) In directing plaintiff to perform his labors on the car aforesaid at the time and place as herein alleged. (c) In directing plaintiff to go to the top of said car and make repairs thereon with the rosin on the running board and top of said car as herein alleged. (d) In not removing the rosin from the running board and roof of said car before directing plaintiff to make the repairs thereon at said time and place as herein alleged. (e) In not maintaining the car and running board and roof thereon in a reasonably safe condition for use by plaintiff in the performance of his duties." The defendants demurred generally to the petition, the demurrer was overruled, and they excepted.

■ "It shall be unlawful for any common carrier subject to the provisions of sections 1-16 of this title to haul, or permit to be hauled or used on its line, any car subject to the provisions of said sections not equipped with appliances provided for in sections 11-16 of this title, to wit: . . all cars requiring secure ladders and secure running boards shall be equipped with such ladders and running boards." Title 45, U. S. C. A., § 11, in part. According to the petition the plaintiff employee and the defendant railroads were engaged in interstate commerce, and the plaintiff was directed to make certain repairs to the running board of the boxcar standing in the yards of the defendants,

the nature of these repairs being shown only as "running repairs," and the plaintiff was injured while effecting these repairs. Under such circumstances it does not appear that the boxcar, even if it did have a defective running board as alleged, was in use on the line of the defendants at the time, but on the contrary it appears that its use had been stopped, and that the repairs to its running board were being made while it was not in use. The petition does not show a cause of action based on liability under the provisions of the Safety Appliance Acts, Title 45, U. S. C. A., §§ 1 et seq. This conclusion is in line with the recent decision in Lyle v. Atchison, T. & S. F. Ry. Co., 7 Cir. (1949), 177 F. 2d, 221 (certiorari denied, March 13, 1950), involving an analogous application of the Boiler Inspection Act, Title 45, U. S. C. A., § 23. In that case the court said: "Liability under the act in question, like that under the Safety Appliance Act, 45 U. S. C. A., §§ 1 et seq., depends not upon negligence but is an absolute one to obey the statutory requirements. For this reason Congress, in framing each of the acts, in consideration of the unconditional duty to have cars and locomotives in such condition as not to put in peril life or limb while in use imposed upon the carrier, likewise limited the absolute liability to cars and locomotives while in use 'on the line.' In other words, when a locomotive or car is in 'use on the line,' the mandatory duty of the carrier attaches and when the car or engine is not so in use then the duty under the express provision of the statute does not exist. The simple question is, was the locomotive in use? To that question, we think, there can be but one answer. Clearly the use of the engine in transportation had for the time being been abandoned; its use in commerce had come to an end. Its operator had turned it over to the round-house employees, the hostler had taken charge and moved it to the' inspection pit at the round-house and there turned it over to plaintiff whose duty it was to make the service and to prepare the engine for future further use. If grease and oil or other foreign matter were improperly on the locomotive, it was his duty to remove it if possible and, if not, to report it. It is opposed to reality to say that under such circumstances the locomotive was in use so that the mandatory duty imposed by the Boiler Inspection Act then applied. To service an engine while it is out of use,

to put it in readiness for use, is the antithesis of using it. To apply the mandatory liability in favor of one who puts an engine in readiness for use is to enlarge and extend the intent of Congress in enacting the legislation." Numerous cases are cited in the opinion in the Lyle case wherein rulings to the same effect were made. If, in fact, the boxcar in the present case was in actual use within the scope of the Safety Appliance Acts, the petition can still be amended as a matter of right so as to show this fact. Code, §§ 81-1301, 81-1302. The alleged facts in the present case are distinguishable from a situation where a car had not actually been withdrawn from use, but was being inspected to determine whether or not its use should be stopped. See Brady v. Terminal R. Asso., 303 U. S. 11, 13 (58 Sup. Ct. 426, 82 L. ed. 614, 517).

■ "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter." Title 45, U. S. C. A., § 51. It is alleged that the employee and his employers were engaged in interstate commerce, and that the em-

ployee was injured while about his work of repairing a running board of a boxcar by a fall brought about by the presence of rosin on the roof of the boxcar, and that the employers negligently caused the plaintiff's injuries, in whole or in part, in failing to provide a safe place in which to work and safe appliances with which to work, and in directing the plaintiff to go on the roof of the car without having removed the rosin. Ordinarily, questions of negligence and proximate cause should be determined by a jury and under the law applicable the employers are liable if their negligence caused the plaintiff's injuries, either in whole or in part. The petition in the present case shows a cause of action based on negligence under the provisions of the Federal Employers' Liability Acts, Title 45, U. S. C. A., §§ 51 et seq. Compare Brown v. Western Ry. of Ala., 338 U. S. 294 (69 Sup. Ct. 939, 94 L. ed. 93).

■  The trial judge did not err in overruling the general demurrer to the petition.

*Judgment affirmed.  Felton and Worrill, JJ., concur.*