35536. WOOD, Executrix, *v.* SOUTHERN RAILWAY CO.

DECIDED JUNE 20, 1955—REHEARING DENIED JULY 14, 1955.

434

*John H. Hudson, Wm. R. Hudson,* for plaintiff in error.

*Edgar A. Neely, Marshall, Greene & Neely,* contra.

FELTON, C. J. ∎ The first count is based on an alleged violation of the Safety Appliance Act and the Boiler Inspection Act. 45 U. S. C. A., § 1 et seq. The allegations of count one do not show that a violation of either act was the proximate cause of the employee's death or that a violation of either or both of said acts in any way contributed to his death. Whatever repairs the deceased was endeavoring to make had been completed at the time of the death. That the necessity to repair the defects was the occasion for other circumstances contributing to the death would not give a cause of action for a violation of said acts. The court did not err in sustaining the general demurrer to count one of the petition.

∎ The court erred in sustaining the general demurrer to count two of the petition and in dismissing the entire action. The second count is based on the Federal Employers' Liability Act. Actions under the Federal Employers' Liability Act brought in State courts are controlled by Federal law. *Southern Ry. Co.* v. *Turner,* 88 *Ga. App.* 49 (76 S. E. 2d 96). The basis of liability under the act is negligence in whole or in part. *Ellis* v. Union Pac. R. Co., 329 U. S. 649 (67 Sup. Ct. 598, 91 L. ed. 572). Petitions in such cases as this must be in accord with the United States Supreme Court rulings, which means a liberal construction in favor of the pleader. *Brown* v. Western Ry. of Ala., 338 U. S. 294 (70 Sup. Ct. 105, 94 L. ed. 100). Under such a construction specification (c) of the specifications of negligence alleges negligence on the part of the defendant. Specification (h) also alleges negligence in that in such specification it is implicit that the employees of the defendant knew that the deceased intended to dismount from the train.

The court did not err in sustaining the general demurrer to the first count of the petition.

The court erred in sustaining the general demurrer to the second count and in dismissing the entire action.

*Judgment affirmed in part and reversed in part. Gardner, P. J., Townsend and Carlisle, JJ., concur. Quillian and Nichols, JJ., concur in the judgment as to count one and dissent from the judgment as to count two.*

NICHOLS, J., dissenting. I dissent from the ruling in the second division of the majority opinion and the corresponding headnote, and from the judgment of reversal, for the following reasons: The majority opinion is that the allegations of negligence set forth in specifications "c" and "h" were sufficient to withstand a general demurrer. Specification "c" alleges that the defendant was negligent "in placing objects or protrusions unknown to petitioner so near the door and ladder of said locomotive that deceased's clothing would become entangled therewith while in the process of dismounting." The locomotive is not alleged to have been anything other than a standard locomotive of the kind in use for a number of years on the lines of the defendant and of numerous other railroads in the United States, and count two contains no allegation that the objects or protrusions were not a part of the standard equipment or that their presence was not known to the deceased. Specification "h" alleges that the defendant was negligent "in allowing deceased to dismount from said moving train when it was well known to defendant's agents and servants that the train was to be stopped." There was nothing in count two to indicate that any of the defendant's agents or servants, other than the deceased, knew that the deceased was going to attempt to dismount from the moving train, and therefore there could be no negligence chargeable to the defendant by reason of the failure of its agents and servants to prevent the deceased from dismounting from the moving train. Apparently the majority opinion, with respect to specification "h", is based on the theory that the agents and employees of the defendant knew "that the deceased intended to dismount from the train." In my opinion this specification contains no such allegation. It alleges that the railroad was negligent "in allowing deceased to dismount from said moving train." This allegation is a far cry from alleging that the employees knew that the deceased would dismount from the train. While it is alleged also in specification "h", "that it was well known to defendant's agents and servants that the train was to be stopped," this fact would lend support to the theory that the defendant's agents and servants would not expect the deceased to dismount from the moving train, rather than to wait for it to stop at the Brookwood Station. It is not intimated that there was any necessity for the deceased to jump, and no negligent act

438

on the part of the railroad is shown requiring him to jump or reasonably inducing any idea that jumping was necessary. In my opinion count 2 shows merely an indiscreet and unnecessary act by the deceased in doing something which was the sole proximate cause of his death. Accordingly, it is the writer's opinion that the allegations were insufficient in count 2 to set forth a cause of action for the relief sought. I am authorized to say that Judge Quillian concurs in this dissent.