HORTON, Chief Judge.
Defendant railroad seeks reversal of a jury award of damages in an action under the Federal Employers’ Liability Act.[1] Ap-pellee, while working as head brakeman for the appellant, sustained the injury for which damages were awarded. The record reveals that prior to the injury, appellee had spotted a car at a siding and gave the engineer a signal to go ahead. There was located adjacent to the track, and between the engineer and appellee, a concrete wall which had been originally constructed to prevent rock and sand from drifting onto the track; however, at the time of the accident, it was not being so used. There was insufficient clearance for an average person to ride between the wall and track while hanging onto the side of a railway car. A sign informing employees of this fact had been placed on the north end of the wall. Ap-pellee knew of the existence of this wall and had performed the same general work in that area prior to the injury.
After giving the engineer the signal to go ahead, the appellee looked away from the direction of the engineer and wall to receive a signal from another switchman. While thus engaged, appellee’s hip struck the south end of the wall.
The sole issue raised by appellants is whether or not the evidence was sufficient to support a finding for the appellee. Inherent in this question is whether or not the evidence supports a conclusion that the appellants were negligent and if so, did this negligence in whole or in part cause appel-lee’s injuries.
Applying the rule as enunciated in Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, we must conclude that the evidence was sufficient to support the jury finding. In the Rogers case, supra, 352 U.S. at page 506, 77 S.Ct. at page 448, the Supreme Court of the United States said:
“Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee’s contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if the test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or *574 death due ‘in whole or in part’ to its negligence."
See Conner v. Butler, Fla.App.1959, 109 So. 2d 183, certiorari granted, 361 U.S. 29, 80 S.Ct. 21, 4 L.Ed.2d 10; Harris v. Pennsylvania Railroad Co., 361 U.S. 15, 80 S.Ct. 22, 4 L.Ed.2d 1; Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., Fla.App. 1960, 118 So.2d 42.
Accordingly, the judgment appealed is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.

. 45 U.S.C.A. § 51 et seq.