REDDELL v. Mo. PAC. R.R. Co.

5-3381                                    384 S. W. 2d 486

Opinion delivered December 7, 1964.

*McMath, Leatherman, Woods & Youngdahl,* for appellant.

*William J. Smith, W. A. Eldredge, Jr.,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a case brought by an employee against the railroad company under the provisions of the Federal Employer's Liability Act, as found in United States Code Annotated, Title 45, §§ 51-60, inclusive. The appellant, James R. Reddell was plaintiff below; and the appellee, Missouri Pacific Railroad Company, was defendant below. For convenience we will refer to the parties as they were styled in the Lower Court. The Trial Court granted a summary judgment for the defendant and the plaintiff brings this appeal. The sole issue is whether the defendant was guilty of any negligence. If so, the judgment of the Trial Court must be reversed so that the case may be submitted to a jury.

The facts are undisputed. They were established both by stipulation and by defendant's answers to plaintiff's interrogatories. Reddell was a man 33 years of age and for some time had been working as a helper on a Jordan spreader. Pictures in the transcript show the Jordan spreader to be about the size of an ordinary railroad car. It is mounted on wheels like a boxcar and rolls on the railroad track. The cab is on the front and back of the cab there are blades on each side of the car which may be retracted against the car or extended out for ditching and grading of the railroad right-of-way. The Jordan spreader is operated from a cab in the extreme front, which cab is about 90 inches long and 86 inches wide; and ingress and egress to the cab is by a doorway at the back of the cab. The floor of the cab is 12½ inches lower than the floor of the platform on which a person must exit from the cab. The doorway from the cab to the platform is about 24 inches wide and about 64½ inches high. Just back of and above the doorway there is an iron beam. In leaving the cab the step up to the platform is 12½ inches high; and 17 inches outside of the cab door on the platform side of the equipment there

is the overhead steel beam previously mentioned which is a regular part of the spreader equipment.

At about 8:20 A.M. on a clear day in April, the Jordan spreader was on the railroad track and was not in motion. Reddell was in the cab; and in attempting to leave the cab he bumped his head against the iron beam over the doorway, and received injuries, for the compensation of which he brought this action. He alleged that the railroad company was guilty of negligence in failing to furnish him a safe place to work in that the iron beam above the doorway was too low. The reason Reddell bumped his head was because when he undertook to leave the cab he either failed to stoop sufficiently to pass under the iron beam, or raised to an erect position too soon and thus bumped his head against the said overhead steel beam. He claimed that the railroad company was negligent in failing to furnish him a safe place to work because he should have been furnished a place where he could make an exit from the cab without bumping his head. On the undisputed facts the Trial Court granted the defendant's motion for summary judgment, having reached the conclusion that the plaintiff had failed to show the defendant to have been guilty of any negligence.

As we have heretofore stated, this case was filed under the Federal Employer's Liability Act, which is "the law unto itself"; and State courts must construe the Act as the Supreme Court of the United States has construed it. Some of the numerous cases decided by that Court involving the Act, are: *New York Central & H. R.R. Co.* v. *Tonsellito*, 224 U.S. 360, 37 S. Ct. 620, 61 L. Ed. 1194; *Mo. Pac. R.* v. *Aeby*, 275 U.S. 426, 48 S. Ct. 177, 72 L. Ed. 351; *Rogers* v. *Mo. Pac.*, 352 U.S. 500, 77 S. Ct. 443, 1 L. Ed. 2d 493, and *Gallick* v. *B. & O. R.R.*, 372 U.S. 108, 83 S. Ct. 659, 9 L. Ed. 2d 618. The Act has several times been before this Court. Two of our cases are: *Mo. Pac. R. Co.* v. *Hathcock*, 200 Ark. 294, 139 S.W. 2d 35; and *Mo. Pac. R. Co.* v. *Davis*, 208 Ark. 86, 186 S.W. 2d 20. A summary judgment should never be granted against a plaintiff in a case like this one if there is any substantial evidence

on which a jury might base a finding that the defendant had been guilty of negligence. Contributory negligence is not a defense, but may be shown only to reduce the damages. U.S.C.A. Title 45, § 53. But in order to recover, the plaintiff must show the defendant to have been negligent. *Mo. Pac.* v. *Davis, supra*. In the excellent briefs filed by both sides, many cases have been cited, some of them being: *Stanczak* v. *Penn. Rr. Co.* (7th Cir.) 174 F. 2d 43; *Delevie* v. *Reading Co.* (3rd Cir.), 176 F. 2d 496; *Armenia* v. *Wyer* (2nd Cir.), 210 F. 2d 592; *Slaughter* v. *Atlantic Coastline,* 112 U.S. App. D.C. 327, 302 F. 2d 912; *Chojinski* v. *New York Central,* 151 A. 122, 8 N.J. Misc. 576; *Werner* v. *Illinois Central,* 309 Ill. App. 292, 33 N.E. 2d 121; *Smith* v. *Schumacker,* 30 Cal. App. 2d 251, 85 P. 2d 967; *Louisville & Nashville R. Co.* v. *Cooke,* 267 Ala. 424, 103 So. 2d 791; *Butler* v. *Gay* (Fla. App.), 118 So. 2d 572; and *Coleman* v. *Gulf, Mobile & Ohio,* 17 Ill. App. 2d 220, 149 N.E. 2d 656.

After giving full consideration to the applicable statutes and the adjudicated cases, and the facts in the case at bar, we reach the conclusion that the plaintiff has entirely failed to show that the railroad company was guilty of any negligence. This Jordan spreader was a standard item of railroad equipment and there is no showing that the overhead iron beam on this spreader was different from that on any other spreader. There is no showing that the overhead iron beam was not an essential part of the mechanism of the Jordan spreader. There is no claim that the iron beam was defective, or that this Jordan spreader was defective in any way, or that the iron beam was misplaced or lower on this spreader than on any other. Plaintiff Reddell had worked on this particular spreader for some time. His height is not shown in the record. To hold the railroad company to have been negligent in this case, would be to say that the use of this Jordan spreader by the railroad company was *ipso facto* negligence. Such is not shown. The plaintiff has failed to show any negligence by the railroad company in this case.

Affirmed.