## 45607. RADFORD v. SEABOARD COAST LINE RAILROAD COMPANY.

JORDAN, Presiding Judge. The plaintiff was injured while employed as a machinist by one of the railroad companies which later merged to form the defendant company. He had been attempting to repair a defective sander on a diesel locomotive in the railroad yards in Sumter County. The locomotive had come from Savannah and had been moved off the main line to an inspection track for the purpose of remedying the defect. Count 1 of the petition is based on using defective equipment in violation of 45 USC § 23, and Count 2 is based on an alleged violation of the FELA, 45 USC § 51.

After the plaintiff had testified that he had worked on the locomotive some 15 or 20 minutes, that he had been "hammering" the sander, and that he was going to try to see if it was working, he explained the occurrence as follows: "That's when I backed out [from under the locomotive] and that's when I hit the side of my head and it was a harder lick than I thought it was." On cross examination counsel reiterated the occurrence

by stating, "And the only reason, Mr. Radford, that you struck your head, as you contend, was because you misjudged whether or not you were out from underneath the frame of that engine, that is correct isn't it?" He replied, "Right."

The trial judge sustained a motion for a directed verdict in favor of the company, from which the plaintiff appeals. *Held:*

1. In our opinion the undisputed evidence clearly discloses that the locomotive was not being "used on its line" to come within the meaning of the phrase in 45 USC § 23. See *Atlantic C. L. R. Co. v. Edge,* 81 Ga. App. 606 (59 SE2d 533); Lyle v. Atchison, Topeka & Santa Fe R. Co., 177 F2d 221. Assuming the contrary, however, that it was being used on the line, there is obviously no causal connection between the defective sander and the plaintiff's injuries. Not only must there be a violation of the absolute duty imposed under 45 USC § 23, but the employee must be injured by reason of the violation, or, as stated by the Supreme Court of the United States, *"provided the defective equipment is the proximate cause of the injury."* Brady v. Terminal Railroad Assn., 303 U. S. 10, 16 (58 SC 426, 82 LE 614) citing Louisville & N. R. Co. v. Layton, 243 U. S. 617 (37 SC 456, 61 LE 931). Also, see *Wood v. Southern R. Co.,* 92 Ga. App. 433 (88 SE2d 459).

2. We are of the further opinion that the plaintiff's uncontradicted explanation of the cause of his injury eliminates any basis for a jury question under the second count. He made a mistake in judgment as to his location, and nothing appears from the evidence from which a jury could determine that the defendant was negligent in any way which was at least a partial cause of the injury. Although only slight proof is sufficient to satisfy the requirements of 45 USC § 51, it nevertheless is an action based on negligence, and the railroad is not made an insurer of the safety of its employees. There can be no recovery where the negligence, if any, causing the injury is that of the employee alone. See Barnett v. Terminal Railroad Assn. of St. Louis, 228 F2d 756; Loftin v. Joyner, (Fla.) 60 S2d 154.

3. The trial judge properly directed a verdict for the defendant.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED SEPTEMBER 14, 1970—DECIDED OCTOBER 27, 1970—

REHEARING DENIED NOVEMBER 6, 1970.—

*Lewis, Lewis, Spearman & Bynum, David F. Kell, T. J. Lewis, Jr.,* for appellant.

*Perry, Walters, Langstaff, Lippitt & Campbell, Jesse W. Walters,* for appellee.