POWELL, J., Associate Judge.
Appellant, as plaintiff below, brought and tried this action under the Federal Employers’ Liability Act. At the conclusion of the plaintiff’s case, defendant moved for a directed verdict and the trial judge reversed ruling permitting the cause to go to the jury. The jury found for the plaintiff. Subsequent thereto, the appellee, who was defendant below, moved for the entry of a judgment in accordance with its motion for directed verdict, or in the alternative for a new trial. The motion contained a number of grounds, three of which are material, namely: (1) The verdict is contrary to the law. (2) The verdict is contrary to the evidence. (4) The plaintiff was the sole cause of his own injury. The trial judge granted the motion and entered a judgment, notwithstanding the verdict, on the aforesaid grounds 1, 2 and 4 thereof.
This appeal ensued and the sole issue is whether or not the trial judge erred in granting the judgment notwithstanding the verdict. Inherent in this question is whether or not the evidence supports a conclusion that the appellee was negligent and if so, did this negligence, in whole or in part, contribute to appellant’s injury. The basic facts are as follows.
The appellant had been employed by the railroad since 1924 and as a car inspector at the Albany, Georgia, yard since 1926. He was 63 years old and for several years prior to the accident had worked the “graveyard shift.” When reporting to work, he usually parked between tracks 10 and 11 and walked across the tracks to the car inspectors’ shack between tracks 7 and 9.
Track 9 is a “repair” track and cars placed on this track at night were left coupled until separated for the daytime crew to make repairs; the purpose of separating the cars being to facilitate the work of the repairmen in moving their equipment and tools between and around the cars.
On January 23, 1971,. appellant, upon arriving at work, parked his automobile between tracks 10 and 11 as usual. To reach the car inspectors’ shack, he had the option of climbing between the coupled cars on track 9 or walking around the end of them which necessitated walking about 7 or 8 freight car lengths to the last car and back on the other side the lengths of the said 7 or 8 cars to the inspectors’ shack. He elected to climb between the cars which he did without incident.
About 5:30 a. m. appellant and an apprentice-workman rode in appellant’s car to a restaurant for a coffee-break. In going after his car, appellant climbed between two coupled cars on track number 9 to reach his automobile. Upon returning, he *580 again parked in the customary place and he and the apprentice proceeded toward the inspectors’ shack. Appellant again elected to climb between the cars on the repair track and in doing so, raised and struck his head on the brake platform and three days later suffered a stroke. Appellant testified that he had been climbing between cars in a similar fashion 35-40 times a week for 44 years without incident or injury of any kind. Appellant was aware that each car had a brake platform and stated that he did not slip, but explained the accident by stating that in climbing between the cars, he took hold of the hand brake rod, put his foot on the left lever and when he pulled up, he pulled up too hard and struck his head. Under the Federal Employers’ Liability Act, an employer is liable to its employees “. . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.” 45 U.S.C.A. §51.
Appellant strongly argues that there is absolutely no question that the jury was entitled, under the applicable law, to conclude that the defendant’s negligence played a part in causing the injuries sustained by the plaintiff. The plaintiff is eminently correct in stating that proof of employer’s negligence has been reduced almost to the vanishing point by recent decisions of the U. S. Supreme Court. Atlantic Coast Line Railroad Company v. Barrett, 101 So.2d 37 (Fla.1958); Rogers v. Missouri Pacific Railroad Company, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).
The sole test in these cases has evolved to the issue of whether any negligence of the employer plays a part, however slight, in causing the injury. If the employer is free of negligence, he is free of liability. There can be no liability if there is no negligence.
We think the case of Loftin v. Joyner, 60 So.2d 154 (Fla.1952), is applicable to the case at bar. In that case the plaintiff had been a switchman for over 10 years and at the time of his injury, he was working in spotting cars along side of a shed. In climbing up a ladder on the side of a stationary freight car for the purpose of setting the hand brake, as he reached the top of the ladder, he struck his head on a gutter which ran along the edge of the roof of the freight shed. He had performed this duty on numerous occasions and was thoroughly familiar with the location of the roof and gutter and with the fact that the clearance between the top of the freight car and the gutter was close. In holding that the trial judge should have granted the defendant’s motion for a directed verdict, our Supreme Court said:
“. . . We hold in this case that the Railway Company was not negligent because it did furnish a safe place in which the employee carried out his ordinary and customary duties and there was no unusual circumstance disclosed by the transcript of record which might reasonably be calculated to change an ordinarily safe place to work into a dangerous and unsafe one. Indeed, we are constrained to agree with counsel for appellant that ‘the only thing abnormal about the particular movement in question was the manner in which Joyner performed it.’ We hold that Joyner’s negligence was the sole proximate cause of his injury for he rushed headlong and erectly up the side ladder of the freight car while it was motionless patently oblivious to the close clearance between the top of the freight car and the gutter which did not constitute a hidden or latent danger ■ and which was a condition that had been known to him for many years but which obviously on the occasion of this accident slipped his memory.”
We think the case of Radford v. Seaboard Coastline Railroad, 122 Ga.App. 763, 178 S.E.2d 774 (Ga.App.1970), is in point. *581 In that case, the plaintiff injured his head in crawling backwards from under an engine in trying to repair a defective Sander. In explaining the accident, he testified that he misjudged whether or not he was out from underneath the frame of the engine and struck his head. In the Rad-ford case, the court said:
“We are of the further opinion that the plaintiff’s uncontradicted explanation of the cause of his injury eliminates any basis for a jury question under the second count. He made a mistake in judgment as to his location, and nothing appears from the evidence from which a jury could determine that the defendant was negligent in any way which was at least a partial cause of the injury. Although only slight proof is sufficient to satisfy the requirements of 45 U.S.C. § 51, it nevertheless is an action based on negligence, and the railroad is not made an insurer of the safety of its employees. There can be no recovery where the negligence, if any, causing the injury is that of employee alone. See Barnett v. Terminal Railroad Association of St. Louis, 8 Cir., 228 F.2d 756; Loftin v. Joyner (Fla.), 60 So.2d 154.”
Also see the case Reddell v. Missouri Pacific Railroad Company, 238 Ark. 753, 384 S.W.2d 486 (Ark.1964).
Appellant urges that climbing between cars is a hazardous practice of which the appellee had full knowledge as evidenced by Employee Safety Rule 32, which reads: “Employees must not cross over between cars, if by good judgment, or walking a reasonable distance around them, it can be avoided.” We note here that said rule further provides precautionary measures to be observed when climbing between cars, one in particular, being to avoid striking head on brake platform or other projections.
Appellant argues that failure on the part of the appellee to provide other means of ingress and egress and failure to leave standing cars uncoupled, constituted a failure to exercise reasonable care and was sufficient evidence of negligence to substantiate the verdict of the jury.
Appellant bolsters this argument by showing that Loftin v. Joyner, supra, was prior to the landmark decision of the Sup-preme Court of the United States in the above cited Rogers case and maintains that under the post-Rogers cases, including the Florida case of Butler v. Gay, 118 So.2d 572 (Fla.App.1960), cert. discharged 122 So. 2d 189 (Fla.1960), the Joyner case would no longer be applicable. We concede and recognize the continuing trend toward liability without fault, but do not concede that the law has quite reached that status.
There are numerous cases covering this troubled area between the traditional law of negligence and the law of liability without fault. An excellent and enlightening discussion was made by Justice Drew in our Florida Supreme Court case of Atlantic Coast Line Railroad Company v. Barrett, supra. Justice Drew quotes a pertinent part of the opinion in the Rogers case as follows:
“Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee’s contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute *582 expressly imposes liability upon the employer to pay damages for injury or death due ‘in whole or in part’ to its negligence. (Emphasis added.)
“The law was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer’s negligence. The employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than a single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. The burden of the employee is met, and the obligation of the employer to pay damages arises, when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference.”
Justice Drew clearly points out that in cases under the Federal Employers’ Liability Act, state rules of evidence are not applicable and federal decisions govern the questions of sufficiency of evidence, type of proof necessary and burden of proof. Numerous cases hold that the traditional concept of proximate cause is not applicable but rather that the negligence complained of constitutes some contributory cause or some causal connection between the negligence and the injury sustained.
In considering a motion for judgment notwithstanding the verdict, the trial judge is confronted with the unpleasant task of setting aside a jury verdict. In granting such a motion, he must determine whether the evidence and justifiable inferences most favorable to the prevailing party afford any rational basis for the verdict. See Zegan v. Central Railroad Company of New Jersey, 266 F.2d 101, 77 A.L.R.2d 768 (3rd Cir. 1959).
In viewing all facets of this cause in the light most favorable to the appellant, we are compelled to agree with the able trial judge in determining an absence of negligence and thus no liability on the part of the appellee. Therefore, the judgment is affirmed.
RAWLS, Acting C. J., and WIGGIN-TON, J., concur.